der, Penal Law § 70.25 (2) required that the sentences be concurrent. We disagree.

The fact that the defendant's mental state was the same for each of the attempted murders is not determinative of the issue of whether consecutive sentences could be imposed. " ' "The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but rather whether separate acts have been committed with the requisite criminal intent" ' " (*People v Day*, 73 NY2d 208, 212, quoting *People v Baker*, 27 AD2d 269, 272, *affd* 19 NY2d 982). Although each attempted murder in this case occurred in the course of one extended transaction, each attempt was nevertheless caused by the defendant's affirmative act of firing shots in the direction of each victim. Accordingly, each offense was rendered separable and distinct from the transaction as a whole, such that consecutive sentences were not proscribed by Penal Law § 70.25 (2) (*see, People v Brathwaite*, 63 NY2d 839, 842; *People v Ramos*, 205 AD2d 404; *People v Sumpter*, 203 AD2d 605). Moreover, the sentence imposed was not excessive under the circumstances (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE BRACEY, Appellant. [671 NYS2d 293] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 11, 1996, convicting him of burglary in the second degree, attempted petit larceny in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the jury instruction regarding burglary in the second degree, when read as a whole, fairly instructed the jury on the correct principles of law to be applied to the case (*see, People v Fields*, 87 NY2d 821; *see also, People v Ladd*, 89 NY2d 893, 895). Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BRANTLEY, Appellant. [670 NYS2d 353] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered December 4, 1996, convicting him of burglary in the first degree, assault in the second degree, sexual abuse in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor's summation did not exceed the broad bounds of fair comment upon the evidence (*see, People v Brisbane*, 244 AD2d 498; *People v Robbins*, 239 AD2d 526) and was, in part, a response to defense counsel's own arguments during summation (*see, People v Brisbane, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.